# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Case No. 23-bk-02771-HWV |
| PENN CENTER HARRISBURG, L.P. | : | |
| Debtor | : | Chapter 11 |
| | : | |

**DEBTOR'S MOTION FOR APPROVAL FOR DEBTOR
TO UTILIZE CASH COLLATERAL**

The Motion of Penn Center Harrisburg, L.P. ("Debtor"), by and through its attorneys, Cunningham, Chernicoff & Warshawsky, P.C., for Approval for Debtor to Utilize Cash Collateral is as follows:

1. On December 7, 2023, the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "Code"). As a result thereof, the Debtor has been appointed as a Debtor-in-Possession and operates its business and manages its assets.

2. The Debtor is a Pennsylvania limited partnership engaged in the ownership and management of real estate (the "Business").

3. The Debtor's accounts receivable and cash constitute the Debtor's cash collateral (the "Cash Collateral") as defined in Section 363 of the Bankruptcy Code.

4. Fulton Bank ("Fulton") holds liens on the Debtor's real estate. Fulton is believed to be owed nine (9) loans totaling approximately $12,000,000.00. This may constitute a lien in the Debtor's accounts receivable and cash, and thus, a lien upon Cash Collateral.

5. In addition, UPMC Pinnacle Hospitals f/k/a Pinnacle Health Hospitals ("UPMC") is believed to hold a mortgage lien subsequent in priority to the liens of Fulton on which approximately $1,100,000.00 is owed.

6. The Debtor is in the real estate rental business. As a result, it has the following assets:

a. The last appraisal of the real estate is approximately $9,000,000.00;

b. Rents of approximately $192,000.00 per month; and

c. Minimal cash on hand.

7. The Debtor intends to reorganize by seeking the best possible value for its real property.

## THE NEED FOR CASH

8. The Debtor currently has approximately six (6) employees. The Debtor is operating and needs to retain its employees to continue operations and to provide services to the Debtor's customers.

9. The Debtor has additional cash needs for the payment of utilities, insurance, payroll and other operating expenses. The Debtor has prepared a ninety (90) day cash budget. The budget is attached hereto as Exhibit "A" and made a part hereof. The Debtor believes it can operate profitably.

10. In addition to the items set forth on the budget which is attached hereto as Exhibit "A", the Debtor will incur additional expenses as a result of the Chapter 11 filing, including additional payments for professionals and for quarterly fees owed to the Office of the United States Trustee.

11. Unless the Debtor is allowed to pay its expenses and thereby continue its operations, great harm will occur to the Debtor and to its estate as well as to the Debtor's creditors.

12. In order to provide adequate protection to Fulton and UPMC, the Debtor proposes to provide Fulton with a replacement lien in post-Petition Cash Collateral, only to the extent that Fulton and UPMC are secured in pre-Petition Cash Collateral. The replacement liens shall only be effective to the extent there is a diminution in the Cash Collateral post-Petition.

13. To the extent that such replacement lien is insufficient and Fulton and UPMC have a shortfall and as to any diminution as to the Cash Collateral lien position as exists pre-Petition, resulting from the Debtor's use of Cash Collateral, and to the extent Fulton and UPMC are secured in Cash Collateral, Fulton and UPMC shall be granted administrative claims superior in priority to all other administrative claims except for claims of professionals in this case and fees owed to the Office of the U.S. Trustee. Such replacement lien shall be effective without further recordation.

**WHEREFORE**, Penn Center Harrisburg, L.P., the above-named Debtor respectfully request this Honorable Court enter an Order:

a. Allowing the Debtor to utilize its cash, receivables, inventory, and cash from the receivables, notwithstanding any alleged lien and security interest of any party;

b. Conditioning the Debtor's use of Cash Collateral upon the granting of replacement liens to Fulton Bank and UPMC, with such replacement lien to be in post-Petition receivables and cash to the extent there is any diminution in value of Fulton Bank's and UPMC's collateral position, as it may exist pre-Petition, together with an administrative claim to the extent that the post-Petition Collateral proves insufficient to replace the diminution in Cash Collateral, with such administrative claim, having priority over all administrative claims except those of fees owed to professionals in the case and to the Office of the U.S. Trustee;

c. Granting the Debtor such other and further relief as is just and proper.

Respectfully submitted:

CUNNINGHAM, CHERNICOFF
& WARSHAWSKY, P.C.

By: /s/ Robert E. Chernicoff
Robert E. Chernicoff, Esquire
Attorney I.D. No. 23380
2320 North Second Street
P. O. Box 60457
Harrisburg, PA 17106-0457
(717) 238-6570

Date: December 7, 2023

# EXHIBIT A

PENN CENTER PROJECTED BUDGET
for
12/1/2023 -1/1//204

## REVENUE

| Tenant | |
|---|---:|
| DOS | 155,522.01 |
| SBA | 1,564.60 |
| DDAP | 35,296.32 |
| | 192,382.93 |

## EXPENDITURES

| Item | |
|---|---:|
| Bookkeeper | 1,500.00 |
| Capital Region Water | 4000.00 |
| Cell Phone – Scott's Verizon | 100.00 |
| Cell Phone – Verizon – maint. | 90.00 |
| CPA/s (CliftonLarsonAllen) | 2,500.00 |
| COMCAST | 1,000.00 |
| Contractor – Johnson Controls | 500.00 |
| Contractor – Mummert Carpet | 2,000.00 |
| Contractor - Orkin | 400.00 |
| Contractor – Penn Elevator | 3,400.00 |
| Consultant - URA | 350.00 |
| Electricity (Constellation) | 25,000.00 |
| Electricity (PPL) | 2,500.00 |
| UGI | 150.00 |
| Harrisburg City - Trash | 110.00 |
| Insurance – Eastern Alliance | 1,000.00 |
| Meals, gifts, etc. for staff | 100.00 |
| Daley/Morris Monthly Draw | 10,000.00 |
| UPMC | 4,000.00 |
| Advance Auto Parts | 50.00 |
| Americhem – jan. supplies | 1,500.00 |
| Bulbs.com | 50.00 |
| Crystal Springs (bottled water) | 550.00 |
| Duty's Lock, Safe and Security | 50.00 |
| Fager | 100.00 |
| Gas/Oil/vehicle maintenance | 750.00 |
| Lowes | 1,000.00 |
| Maintenance Supplies | 200.00 |
| Office Supplies/Services | 75.00 |

| | |
|---|---:|
| Peifer's Fire Inspection | 500.00 |
| Post Office – stamps & box | 25.00 |
| Sams Club – BJ's | 300.00 |
| Sherwin-Williams | 200.00 |
| Stines's Equipment | 250.00 |
| Staff Payroll | 23,000.00 |
| Tractor Supply | 50.00 |
| Total | 85,350.00 |

Series "A" MORTGAGE PAYMENTS

| Mortgages | March 2022 |
|---|---:|
| Fulton No. 0001 (Initial $4,400,000) | 14,008.97 |
| Fulton No. 9001 (HACC/SEC $5,000,000) | 13,879.17 |
| Fulton No. 9002 (HACC/SEC $1,250,000) | 4,308.19 |
| Fulton No. 9005 (Gaming) | 3,474.12 |
| Fulton No. 9008 (DDAP ($995,000) | 11,276.26 |
| Pinnacle Health Sys. (Int. on $1,100,000) | 2,750.00 |
| Total Mortgage Payments | 49,696.71 |

Non-recurring Expenses

| | |
|---|---:|
| Tax (Payment 1 of 3) | $56,000.00 |

CASH FLOW

| | |
|---|---:|
| Penn Center Cash Flow | $1,336.22 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Case No. 23-bk-02771-HWV |
|   PENN CENTER HARRISBURG, L.P. | : | |
| Debtor | : | Chapter 11 |
| | : | |

**NOTICE TO CREDITORS AND OTHER PARTIES IN INTEREST**

      Notice is hereby given that the Debtor, Penn Center Harrisburg, L.P., has filed a Motion for Approval for Debtor to Utilize Cash Collateral. The Debtor has requested that the Court enter an Order permitting the use of cash collateral on an interim basis. Thereafter, the Debtor has requested a final hearing as soon after fourteen (14) days after the date set forth below as is possible.

      The Cash Collateral Motion sets forth that, to the extent Fulton Bank ("Fulton") and UPMC Pinnacle Hospitals f/k/a Pinnacle Health Hospitals ("UPMC") may have liens on Cash Collateral, Fulton and UPMC are to be granted replacement liens in post-Petition Cash Collateral. In the event it is determined that Fulton and UPMC have liens in Cash Collateral, and there is insufficient value in the post-Petition Cash Collateral, such that there is a diminution in the value of Cash Collateral as same exists on the Petition Date, Fulton and UPMC shall have a administrative claims having priority over all administrative claims except for fees owed to professionals in this case and to the Office of the United States for any such diminution. If the Debtor is not permitted to utilize cash collateral, the Debtor may not be able to operate and such may lower the amount received by creditors.

      A Hearing will be held on the Motion on _____, 2023 at _____ **a/p.m.** in the United States Bankruptcy Court, 4th Floor, Courtroom 8, 1501 North 6th Street, Harrisburg, Pennsylvania. If no objections are timely filed with the Clerk of the Bankruptcy Court at the address listed below to the Motion on or before _____, 2023, the Court may enter an Order approving the use of cash collateral without a Hearing. Any Objection must conform to the Rules of Bankruptcy Procedure. Any objecting party must appear at the Hearing set forth above.

                                       **CLERK, U.S. BANKRUPTCY COURT**
                              **THE SYLVIA H. RAMBO U.S. COURTHOUSE**
                                         **1501 NORTH 6TH STREET**
                                             **HARRISBURG, PA 17102**

Date:

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: : | Case No. 23-bk-02771-HWV |
|   PENN CENTER HARRISBURG, L.P. : | |
| Debtor : | Chapter 11 |
| : | |

## ORDER

The Motion of the Debtor, Penn Center Harrisburg, L.P. ("Debtor") for Approval to Utilize Cash Collateral having come before the Court, and the Court having determined that it is in the best interests of the Debtor that the Debtor be allowed to utilize Cash Collateral; it is

**HEREBY ORDERED that:**

1. The Motion is approved. The Debtor may utilize its cash collateral on an interim basis until the date of the final hearing set forth in paragraph 4 below, unless this Order becomes final as set forth in paragraph 5 below. All capitalized terms not defined herein shall have the same definition as in the Motion.

2. Fulton Bank ("Fulton") and UPMC Pinnacle Hospitals f/k/a Pinnacle Health Hospitals ("UPMC") are granted replacement liens in the Debtor's post-Petition cash collateral consisting of receivables and cash and the proceeds thereof ("Cash Collateral"), to the extent such lien exists and in such priority as exists pre-Petition, to the extent there is a diminution in value of Fulton's and UPMC's post-Petition Cash Collateral position (as set forth in the Motion). Such liens shall be perfected and effective without any further recordation action and such lien shall survive conversion of this case or appointment of a Trustee in this case. In the event that post-Petition Cash Collateral is insufficient to provide an amount equal to such diminution, then Fulton and UPMC are granted an administrative claim having priority over all other administrative claims except for amounts owed for fees to professionals in this case and fees to the U.S. Trustee's Office.

3. The Debtor shall serve this Order on Fulton Bank, UPMC, the Office of the United States Trustee, the IRS, the U.S. Attorney, the Pennsylvania Department of Revenue through the Office of Attorney General, the Pennsylvania Department of Labor and Industry, Bureau of Employment Tax Operations, as well as the twenty (20) largest unsecured creditors of the Debtor and any parties who have requested service.

4. In the event that any creditor or party-in-interest objects to the Debtor's use of Cash Collateral as set forth in the Motion and as set forth in this Order, such objection

must be filed on or before fourteen (14) days from the date of this Order. Such objection shall be served upon counsel for the Debtor, Robert E. Chernicoff, Esquire, P. O. Box 60457, Harrisburg, Pennsylvania 17106-0457 on or before fourteen (14) days from the date of this Order. In the event any objections are filed to the Motion, a final hearing on the Motion will be held on _____, 2023 at _____ a.m., in the Bankruptcy Court, 4th Floor, Courtroom 8, 1501 North 6th Street, Harrisburg, Pennsylvania.

5. In the event no objections are timely filed to the Motion, then this Order shall become final.

6. The foregoing is entered without prejudice to the rights of the Debtor to request a modification of this Order or, if needed, an extension of the approval to utilize Cash Collateral.