IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: : Case No. 23-bk-02771-HWV
  PENN CENTER HARRISBURG, L.P. :
              Debtor : Chapter 11
 :

**DEBTOR'S MOTION FOR APPROVAL FOR DEBTOR
TO UTILIZE CASH COLLATERAL**

The Motion of Penn Center Harrisburg, L.P. ("Debtor"), by and through its attorneys, Cunningham, Chernicoff & Warshawsky, P.C., for Approval for Debtor to Utilize Cash Collateral is as follows:

1. On December 7, 2023, the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "Code"). As a result thereof, the Debtor has been appointed as a Debtor-in-Possession and operates its business and manages its assets.

2. The Debtor is a Pennsylvania limited partnership engaged in the ownership and management of real estate (the "Business").

3. The Debtor's accounts receivable and cash constitute the Debtor's cash collateral (the "Cash Collateral") as defined in Section 363 of the Bankruptcy Code.

4. Fulton Bank ("Fulton") holds liens on the Debtor's real estate. Fulton is believed to be owed nine (9) loans totaling approximately $12,000,000.00. This may constitute a lien in the Debtor's accounts receivable and cash, and thus, a lien upon Cash Collateral.

5. In addition, UPMC Pinnacle Hospitals f/k/a Pinnacle Health Hospitals ("UPMC") is believed to hold a mortgage lien subsequent in priority to the liens of Fulton on which approximately $1,100,000.00 is owed.

6. The Debtor is in the real estate rental business. As a result, it has the following assets:

1

Case 1:23-bk-02771-HWV    Doc 7    Filed 12/07/23    Entered 12/07/23 16:16:19    Desc
Main Document    Page 1 of 3

      a.      The last appraisal of the real estate is approximately $9,000,000.00;

      b.      Rents of approximately $192,000.00 per month; and

      c.      Minimal cash on hand.

7.      The Debtor intends to reorganize by seeking the best possible value for its real property.

## THE NEED FOR CASH

8.      The Debtor currently has approximately six (6) employees. The Debtor is operating and needs to retain its employees to continue operations and to provide services to the Debtor's customers.

9.      The Debtor has additional cash needs for the payment of utilities, insurance, payroll and other operating expenses. The Debtor has prepared a ninety (90) day cash budget. The budget is attached hereto as Exhibit "A" and made a part hereof. The Debtor believes it can operate profitably.

10.      In addition to the items set forth on the budget which is attached hereto as Exhibit "A", the Debtor will incur additional expenses as a result of the Chapter 11 filing, including additional payments for professionals and for quarterly fees owed to the Office of the United States Trustee.

11.      Unless the Debtor is allowed to pay its expenses and thereby continue its operations, great harm will occur to the Debtor and to its estate as well as to the Debtor's creditors.

12.      In order to provide adequate protection to Fulton and UPMC, the Debtor proposes to provide Fulton with a replacement lien in post-Petition Cash Collateral, only to the extent that Fulton and UPMC are secured in pre-Petition Cash Collateral. The replacement liens shall only be effective to the extent there is a diminution in the Cash Collateral post-Petition.

13. To the extent that such replacement lien is insufficient and Fulton and UPMC have a shortfall and as to any diminution as to the Cash Collateral lien position as exists pre-Petition, resulting from the Debtor's use of Cash Collateral, and to the extent Fulton and UPMC are secured in Cash Collateral, Fulton and UPMC shall be granted administrative claims superior in priority to all other administrative claims except for claims of professionals in this case and fees owed to the Office of the U.S. Trustee. Such replacement lien shall be effective without further recordation.

**WHEREFORE**, Penn Center Harrisburg, L.P., the above-named Debtor respectfully request this Honorable Court enter an Order:

a. Allowing the Debtor to utilize its cash, receivables, inventory, and cash from the receivables, notwithstanding any alleged lien and security interest of any party;

b. Conditioning the Debtor's use of Cash Collateral upon the granting of replacement liens to Fulton Bank and UPMC, with such replacement lien to be in post-Petition receivables and cash to the extent there is any diminution in value of Fulton Bank's and UPMC's collateral position, as it may exist pre-Petition, together with an administrative claim to the extent that the post-Petition Collateral proves insufficient to replace the diminution in Cash Collateral, with such administrative claim, having priority over all administrative claims except those of fees owed to professionals in the case and to the Office of the U.S. Trustee;

c. Granting the Debtor such other and further relief as is just and proper.

Respectfully submitted:

CUNNINGHAM, CHERNICOFF
& WARSHAWSKY, P.C.

By: /s/ Robert E. Chernicoff
Robert E. Chernicoff, Esquire
Attorney I.D. No. 23380
2320 North Second Street
P. O. Box 60457
Harrisburg, PA 17106-0457
(717) 238-6570

Date: December 7, 2023