IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Case No. 23-bk-02771-HWV |
|   PENN CENTER HARRISBURG, L.P. | : | |
| Debtor | : | Chapter 11 |
| | : | |

**ORDER**

The Motion of the Debtor, Penn Center Harrisburg, L.P. ("Debtor") for Approval to Utilize Cash Collateral having come before the Court, and the Court having determined that it is in the best interests of the Debtor that the Debtor be allowed to utilize Cash Collateral; it is

**HEREBY ORDERED that:**

1. The Motion is approved. The Debtor may utilize its cash collateral on an interim basis until the date of the final hearing set forth in paragraph 4 below, unless this Order becomes final as set forth in paragraph 5 below. All capitalized terms not defined herein shall have the same definition as in the Motion.

2. Fulton Bank ("Fulton") and UPMC Pinnacle Hospitals f/k/a Pinnacle Health Hospitals ("UPMC") are granted replacement liens in the Debtor's post-Petition cash collateral consisting of receivables and cash and the proceeds thereof ("Cash Collateral"), to the extent such lien exists and in such priority as exists pre-Petition, to the extent there is a diminution in value of Fulton's and UPMC's post-Petition Cash Collateral position (as set forth in the Motion). Such liens shall be perfected and effective without any further recordation action and such lien shall survive conversion of this case or appointment of a Trustee in this case. In the event that post-Petition Cash Collateral is insufficient to provide an amount equal to such diminution, then Fulton and UPMC are granted an administrative claim having priority over all other administrative claims except for amounts owed for fees to professionals in this case and fees to the U.S. Trustee's Office.

3. The Debtor shall serve this Order on Fulton Bank, UPMC, the Office of the United States Trustee, the IRS, the U.S. Attorney, the Pennsylvania Department of Revenue through the Office of Attorney General, the Pennsylvania Department of Labor and Industry, Bureau of Employment Tax Operations, as well as the twenty (20) largest unsecured creditors of the Debtor and any parties who have requested service.

4. In the event that any creditor or party-in-interest objects to the Debtor's use of Cash Collateral as set forth in the Motion and as set forth in this Order, such objection

must be filed on or before fourteen (14) days from the date of this Order. Such objection shall be served upon counsel for the Debtor, Robert E. Chernicoff, Esquire, P. O. Box 60457, Harrisburg, Pennsylvania 17106-0457 on or before fourteen (14) days from the date of this Order. In the event any objections are filed to the Motion, a final hearing on the Motion will be held on _____, 2023 at _____ a.m., in the Bankruptcy Court, 4th Floor, Courtroom 8, 1501 North 6th Street, Harrisburg, Pennsylvania.

5. In the event no objections are timely filed to the Motion, then this Order shall become final.

6. The foregoing is entered without prejudice to the rights of the Debtor to request a modification of this Order or, if needed, an extension of the approval to utilize Cash Collateral.